United States District Court
Southern District of Texas
**ENTERED**
September 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| MENAT SALEM, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-cv-00085 |
| | § | |
| BASF CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Plaintiff Menat Salem filed this lawsuit against her former employer, Defendant BASF Corporation, alleging disability discrimination and failure to accommodate in violation of Title I of the Americans with Disabilities Act ("ADA"). BASF has moved for summary judgment. *See* Dkt. 20. Having reviewed the briefing, the record, and the applicable law, I grant the motion.

## BACKGROUND

Salem began working for BASF in 2011 as a project engineer. "Salem's role was an office-based, coordination position with limited site visits." Dkt. 21 at 9. "The majority of her work consisted of office work, computer work, Zoom meetings, planning, and coordinating, with in-person presence at a project site needed at the beginning of a project and during the pre-startup safety review." *Id.* By all accounts, Salem was an exceptional employee during the times that she was physically able to work for BASF without accommodation. In fact, Salem was a high performer even after being diagnosed with multiple sclerosis in 2019.

Unfortunately, in July 2022, while working as a Senior Project Engineer, Salem was diagnosed with breast cancer. In October 2022, Salem took medical leave for chemotherapy and radiation. In March 2023, Salem "sought to return to work with a limited work-from-home restriction, initially set to end on April 17, 2023," per her physician's statement regarding her ability to return to work. *Id.* at

10; *see also* Dkt. 21-6. On March 24, 2023, BASF's Senior Leave of Absence Coordinator, Christine Sherman, informed Salem that BASF could not accommodate her work-from-home restriction, and that Salem "would remain on short-term disability until April 4, 2023 and would transition to [long-term disability] until released to full duty." *Id.* On March 26, 2023, Salem filed a grievance with Sherman, which Sherman forwarded to BASF's Leave Management Team for review. On April 5, 2023, Salem transitioned from short-term to long-term disability. On May 15, 2023, BASF's Leave Management Team completed its review and determined Salem's work-from-home request could not be accommodated.

On June 12, 2023, Salem submitted a second physician statement, which stated that the earliest Salem would be able to return to work was December 31, 2023. *See* Dkt. 20-3 at 43–44. On December 25, 2023, Salem submitted a third physician statement, which stated that Salem would not be able to return to work until April 1, 2024, at the earliest. *See* Dkt. 20-16. On March 7, 2024, Salem submitted a fourth physician statement, which extended Salem's earliest return-to-work date to December 31, 2024. *See* Dkt. 20-17.

On March 23, 2025, Salem instituted this lawsuit against BASF alleging disability discrimination and failure to accommodate in violation of the ADA.

In May 2025, consistent with BASF's Long-Term Disability Plan, Salem's employment with BASF ended after Salem spent 24 consecutive months on long-term disability. In October 2025, Salem was approved for Social Security disability benefits and has been receiving payments since that time.

Discovery in this matter ended on March 13, 2026. BASF now moves for summary judgment on both of Salem's claims.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The dispute is genuine "if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once satisfied, the burden shifts to the nonmovant to show the existence of a genuine fact issue for trial. *See id.* at 324. To do so, the "nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Brooks v. Hou. Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 584 (S.D. Tex. 2015).

In ruling on a motion for summary judgment, I must construe "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso County*, 946 F.3d 717, 723 (5th Cir. 2020). It is not my role to weigh the evidence or evaluate its credibility, as those are fact questions for the jury to decide. *See Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 245 (5th Cir. 2016). Even so, I am "not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence." *Id.* (quotation omitted).

## ANALYSIS

BASF argues that it is entitled to summary judgment for three reasons: (1) Salem cannot show that she was a qualified individual; (2) Salem cannot recover damages for the period after she became totally disabled; and (3) Salem failed to exhaust her administrative remedies as to the termination of her employment. I need to address only the first issue.

Both of Salem's claims—disability discrimination and failure to accommodate—require her to demonstrate that she was a qualified individual.[1] A

[1] To succeed on a disability-discrimination claim, Salem "must show that: (1) she had a disability; (2) she was qualified for the position; and (3) there was a causal connection between her disability and an adverse employment action." *Brenyah v. Columbia Hosp. Corp. of Bay Area*, 181 F.4th 609, 622 (5th Cir. 2026). Likewise, Salem "must prove the following statutory elements to prevail in a failure-to-accommodate claim: (1) [she] is a

"qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). A "reasonable accommodation" may include:

> (A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and
>
> (B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

*Id.* § 12111(9). BASF contends that Salem cannot show that she was a qualified individual because full-time work-from-home is not a reasonable accommodation for a Senior Project Engineer, and there is no evidence that Salem could ever work at the office or on site.

Notably, Salem concedes that her Senior Project Engineer position required some on-site presence. *See* Dkt. 21 at 21 ("Salem does not contend that her Senior Project Engineer position required no in-person attendance at any point."). Thus, I need not delve into how much in-person attendance is required. Construing the facts in Salem's favor, I will assume that in-person attendance would be required only one day a year. Even so, there is simply no evidence in the record showing that Salem could have managed even one day of in-person attendance.

Salem's initial return-to-work authorization from her physician stated that she could return to work on March 27, 2023, but that she would have to work from home until April 17, 2023. *See* Dkt. 21-6. There is no evidence in the record, however, that Salem sought to return to work without the work-from-home restriction after April 17, 2023. By June 12, 2023, her physician opined that the

---

qualified individual with a disability; (2) the disability and its consequential limitations were known by [BASF]; and (3) [BASF] failed to make reasonable accommodations for such known limitations." *Feist v. La., Dep't of Just., Off. of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (quotation omitted).

earliest Salem could return to work was December 31, 2023. *See* Dkt. 20-3 at 43–44. After that, Salem's return-to-work dates continued to be extended until Salem had exhausted all her long-term disability. *See* Dkt. 20-16 (earliest return to work was April 1, 2024); Dkt. 20-17 (earliest return to work was December 31, 2024).

Salem claims that she repeatedly told "BASF that she would make the requisite site visits as needed." Dkt. 21 at 24. I am sure that Salem sought to be physically present outside of her home as needed, but every physician statement that BASF received stated the opposite. *See* Dkt. 21-6; Dkt. 20-3 at 43–44; Dkt. 20-16; Dkt. 20-17. The Fifth Circuit has held that a plaintiff's "own testimony that he was qualified to return to work does not suffice." *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 524 (5th Cir. 2021); *see also Burch v. City of Nacogdoches*, 174 F.3d 615, 622 (5th Cir. 1999) (holding that the plaintiff's "self-serving testimony that he could have performed light-duty jobs from a physical standpoint" was not sufficient proof of plaintiff's qualification, and that his case was "decimated by . . . [his] inability to overcome the fact that his own doctor never released him for light-duty work"). Salem must provide proof beyond her own testimony that, after April 17, 2023, she could be physically present as necessary, even if minimally. There is no such proof in the record. Because it is undisputed that (1) a Senior Project Engineer could not work from home 100 percent of the time, and (2) Salem's doctor never released her to work onsite, Salem cannot establish that she was a qualified individual.

The parties spill much ink arguing over issues that I need not consider or decide. For example, I need not consider the reasonable accommodations that Salem contends BASF never discussed with her. *See* Dkt. 21 at 16–17. All those accommodations—work-from-home with ad hoc job site visits, reduced presence, or reduced workload—still required some physical presence, however minimal. There is no evidence in the record that Salem could have *ever* been physically present. And because there is no evidence that Salem could *ever* have been physically present, I have not considered that the Social Security Administration

found Salem totally disabled or that Salem is receiving disability payments. Salem's case fails even without this information.

This is a sad case. The record shows that Salem was an excellent employee for BASF. Salem continued performing at a high level for nearly three years, despite her multiple sclerosis diagnosis. I accept Salem's testimony that she intended to make site visits as necessary. But the record shows that Salem was never cleared to return to work in any physical capacity. And Salem herself concedes that some physical presence would be required for her role. Because Salem cannot carry her burden to show that she could ever satisfy even the most minimal in-person attendance requirements, she cannot show that she was a qualified individual, and BASF is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons discussed above, I grant BASF's motion for summary judgment. *See* Dkt. 20.

I will issue a final judgment separately.

SIGNED this 2nd day of September 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE